FRED W. JONES, Jr., Judge.
A parish Registrar of Voters and her assistant sued the police jury to reinstate insurance coverage allegedly provided as part of plaintiffs’ salaries. From a judgment in favor of the defendant police jury, the plaintiff Registrar of Voters appealed. For the reasons assigned, we reverse as to the appellant.
Sandra Thomas has been employed as the Registrar of Voters for Morehouse Parish since September 1976. The base salary of the parish Registrar of Voters and the contributions of the state and the parish police jury are fixed by statute. La.R.S. 18:55. Police juries may, but are not required to, pay supplementary salary to a Registrar of Voters. La.R.S. 18:56. Act 299 of 1983 provided in part:
The annual salary, including any salary supplement paid pursuant to R.S. 18:56, of a person employed on the effective date of this act in the position of registrar of voters ... shall not be decreased during his incumbency in such position.
During her service as Registrar of Voters, Mrs. Thomas received several pay raises from the state which were matched by the police jury. However, beginning in 1978 Mrs. Thomas chose to receive the regular pay raises granted by the police jury to its employees rather than request matching police jury grants for state pay raises. In December 1979 Mrs. Thomas requested that she and her office be included in the parish’s insurance program which, in her case, supplemented her state insurance program. This request was granted and went into effect on January 1, 1980, with 88% of the premiums being paid by the parish.
Because of financial difficulties, in October 1985 the police jury voted to discontinue insurance coverage for Mrs. Thomas and her office, effective November 1,1985. Contending that this action by the police jury constituted a reduction of her supplemental salary in violation of Act 299 of 1983, Mrs. Thomas filed this suit.
In addition to her testimony concerning the nature of the police jury contribution to her salary, Mrs. Thomas presented the testimony of Cockrell, a former two term juror who was chairman of of the police jury finance committee at the time Mrs. Thomas started receiving the insurance premium payment from the parish. Cockrell stated that the police jury agreed to give Mrs. Thomas the same benefits as the “other” parish employees. It was his recollection that if Mrs. Thomas did not receive the parish insurance contribution and was required to pay her own premiums, she would have requested a higher salary increase. Rationalizing that he could not justify giving one employee a 7% raise and all the others a 5% increase, Cockrell recommended that the parish grant Mrs. Thomas’ request that her office be included in the parish insurance program. The witness explained that when his committee was surveying the salaries paid in the surrounding parishes to determine whether or not they were being competitive enough to maintain their trained work force, they considered hours worked and fringe benefits, including health and life insurance, as well as the cash salary paid for each position.
On the other hand, the veteran police jury treasurer testified that neither the retirement system contributions nor the income tax tables consider paid insurance premiums as salary when pertinent computations are made.
The trial judge, in written reasons for judgment, stated:
“The Court could not find any cases directly on point but finds from the evidence presented, definitions of the various terms, that this premium payment is not salary and thus not subject to Louisiana Revised Statute 18:56.”
Although there may be no cases directly on point, in analogous cases fringe benefits have been construed as salary supplements. For example, the jurisprudence interpreting statutory protections for teachers has held that a discontinuance of a housing allowance amounted to a reduction in pay. Pizzolato v. State Board of Elementary and Secondary Education, 452 So.2d 264 (La.App. 1st Cir.1984). “Salary” was interpreted broadly to include “emolu *829 ments” of the office. Foster v. Board of Elementary and Secondary Education, 479 So.2d 489 (La.App. 1st Cir.1985) followed the Pizzolato premise that a reduction in benefits constitutes a reduction in salary.
Mrs. Thomas was employed by the police jury pursuant to state laws that protect her job during good behavior to the extent that she can be removed from office only by the State Board of Election Supervisors. La.R. S. 18:53. Her salary and supplemental salary are protected by state statute from reduction. La.R.S. 18:55 et seq.
While the statute does not define “supplemental salary” or “salary”, jurisprudence has included other benefits similar to payment of insurance premiums, as “salary” when interpreting laws protecting state employees who teach. A liberal construction of such laws is favored.
It is obvious that the police juror Cock-rell considered the parish contribution to Mrs. Thomas’ insurance program as supplementary salary.
For these reasons, we find that the contribution by the police jury on behalf of Mrs. Thomas to the parish insurance program was a salary supplement to the Registrar of Voters which could not, under Act 299 of 1983, be reduced. Consequently, the judgment of the district court, as to the plaintiff Thomas, is reversed and there is judgment in favor of Sandra R. Thomas and against the Morehouse Parish Police Jury ordering the defendant police jury to reinstate its premium contribution to the parish insurance program on behalf of the plaintiff Thomas, at appellee’s cost.