Dear Registrar Waskom:
Your request for an Attorney General's opinion has been assigned to me for research and reply. Your letter states that on June 19, 2002 the Natchitoches Parish Police Jury approved a $100.00 per month raise for each employee of the Registrar of Voter's office with an effective date of January 1, 2003. You also attached a newspaper article dated Friday, July 19, 2002 from The Natchitoches Times which confirms this action:
 The Finance and Budget Committee discussed several matters and respectfully submits the following:
 1. That the Jury approve a pay plan request of 5% or a $100.00 per month for each employee in the Registrar Voters Office.
* * *
 On motion by Mr. Huggins, duly seconded by Mr. Allen, that the Natchitoches Parish Police Jury, in regular and legal session convened, does hereby approve a pay plan request of a $100.00 per month for each employee in the Registrar of Voters Office, effective January 1, 2003.
Motion Carried
* * *
Your letter further states that there was an unsuccessful attempt at the August monthly meeting of the police jury to freeze this raise due to a lack of funding. You seek an opinion on an interpretation of R.S.18:55(B), regarding the notice requirements prior to the enactment of a law to either increase or decrease the parish portion of the salary of registrars. You also ask if R.S. 18:57, which prohibits the reduction of the compensation of any registrar during his term of office, prohibits the police jury from rescinding it's action on June 19, 2002, which increased the pay of the employees in the registrar's office by $100.00 a month, effective January 1, 2003.
It is our opinion that the language of R.S. 18:55(B) refers only to laws enacted by the legislature. This provision of the Election Code is consistent with the constitutional provision on the enacting of local or special laws:
LSA-R.S. 18:55(B):
 B. No law to increase or decrease that portion of the salary payable by the parish shall be enacted hereafter unless notice of intent to enact such a law has been published on two separate days, without cost to the state, in the official journal of each locality affected by the enactment of the increase or decrease in the salary figures. The last day of publication shall be at least thirty days prior to introduction of the bill.
 LSA-Const. Art. III, Sec. 13 (1974):
 Section 13. No local or special law shall be enacted unless notice of the intent to introduce a bill to enact such a law has been published on two separate days, without cost to the state, in the official journal of the locality where the matter to be affected is situated. The last day of publication shall be at least thirty days prior to introduction of the bill. The notice shall state the substance of the contemplated law, and every such bill shall recite that notice has been given.
Thus, we are of the opinion that R.S. 18:55(B)'s purpose is to require notice to the local jurisdiction prior to any state law being enacted that would increase or decrease the parish's portion of the salary that they pay to the registrar, and is not relevant to the instant matter.
The law prohibiting the reduction of the compensation of the registrar is relevant in this matter. LSA-R.S. 18:56 provides:
 The salaries provided by law for the registrar, the chief deputy, and any other unclassified employees may be supplemented by the parish governing authority.
The salary provided by law for the registrar is found in R.S. 18:55, and may not be reduced, as provided in R.S. 18:57 as follows:
 A. The compensation of any registrar, chief deputy, or other unclassified employee which is payable in accordance with the provisions of R.S. 18:55 and 59 shall not be reduced while he holds his office or position, or as a result of promotion.
In sum, it is our opinion that the salary provided by R.S. 18:55 may be supplemented by the parish governing authority and can not be reduced while the registrar holds office. Further, since the parish governing authority took official action to increase the salary of the registrar by a $100 a month supplement, they can not now take action to reduce this salary, as to do so would be a violation of R.S. 18:57.
This opinion is consistent with the case of Registrar of Voters v.Morehouse Parish Police Jury, 521 So.2d 827 (La.App. 2nd Cir. 1988), where the court found that the inclusion of the registrar in the police jury's insurance program was a benefit equivalent to supplemental salary and that under Act 299 of 1983, it could not be reduced. Act 299 of 1983 provided a Section 3 that stated, "the annual salary, including any salary supplement paid pursuant to R.S. 18:56, of a person employed on the effective date of this Act [August 30, 1983] in the position of registrar of voters, shall not be decreased during his incumbency in such position." This language is consistent with present law, namely R.S. 18:57.
Trusting that this information is a sufficient response to your request, we remain
Yours very truly,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 ___________________________ ANGIE ROGERS LAPLACE Assistant Attorney General
RPI/ARL;mjb
Date Released: October 25, 2002